Argued and submitted May 1, reversed and remanded October 30, 1991

## LIBERTY SAVINGS & LOAN ASSOCIATION,
*Appellant,*

*v.*

## A.L. BROADCASTING CORPORATION,
*Respondent.*

(89-2982-L3; CA A65362)

819 P2d 760

Jens Schmidt, Eugene, argued the cause for appellant. On the briefs were Rohn M. Roberts and Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

Maurice L. Russell, II, Salem, argued the cause for respondent. With him on the brief were Churchill, Leonard, Brown & Donaldson, Salem, and Alan B. Holmes and Holmes & Galpern, P.C., Medford.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Plaintiff appeals from a judgment dismissing its claim for equitable relief that would force defendant to remove a dish antenna from the roof of plaintiff's building. We review *de novo,* ORS 19.125(3), and reverse.

Plaintiff owns a 2-story commercial building in Medford. Defendant leased the second floor to operate a radio station. The lease provides:

> "Section 8. MICROWAVE ANTENNA: Tenant shall have the right to place a small microwave antenna on the roof of the subject property. The location, size and placement of the antenna shall be approved by Landlord."

Defendant first placed a 4-foot tall antenna on the roof. It later notified plaintiff of its intent to place a 9-foot diameter dish antenna on the roof also. Plaintiff disapproved the larger installation. Defendant erected it anyway.

Plaintiff's complaint alleged a continuing trespass and sought an injunction to force defendant to remove the new antenna. Plaintiff did not claim a breach of the lease.[1] Instead, it argued that defendant was entitled only to use the

---

[1] Plaintiff's attorney stated in an affidavit that its claim for relief was based on trespass only and "[did] not arise out of the lease agreement between the parties." During closing arguments, this colloquy occurred:

"THE COURT: How do you want me to use the lease, if at all?

"MR. ROBERTS [plaintiff's attorney]: I guess, your honor, the lease is designed to show a couple things. One, the absence of consent. The leased premises is the second floor, and it indicates that the lessor has the obligation to maintain the roof, that that's their property, and also the contemplation that there was going to be one small microwave antenna, and its location was to be agreed upon or subject to the approval of the lessor. So, and no such consent or approval was given for another.

"THE COURT: Is the lease relevant for any purpose under your theory of the case?

"MR. ROBERTS: I, probably not. I think that a lessee who goes beyond his right to occupy is a trespasser the same as if a stranger had gone and done it.

"THE COURT: So you don't want me to utilize the lease to create any rights and liabilities, assuming that the lease simply establishes the relationship between the parties? You're walking a tightrope, and I want to make absolutely sure that I decide this case on the theory you present. * * * [Y]our theory is, I take it, a common law theory of trespass. They've gone beyond the scope of the premises that have been let by the lease. Otherwise there's nothing in the evidence to indicate that they have any right to be there at all if I totally ignore the lease.

"MR. ROBERTS: That's correct."

premises specified in the lease and that it had trespassed when it exceeded the allowed use.

At trial, the parties presented evidence of why defendant erected the dish antenna, whether it was necessary to its business and whether it was safely constructed. The court found that it was reasonably necessary for defendant to carry out the purposes for which it had leased the second floor. It concluded that, under the common law, defendant had the right to erect the antenna.

The court erred. In *Minto v. Salem Water, Light & Power Co.,* 120 Or 202, 250 P 722 (1926), the landowner sought to enjoin a continuing trespass by a utility company. The parties' predecessors had created an easement that allowed the company to build a filter and pipes under the plaintiff's land. The company also constructed a pump and a pond on the surface. It argued that it had that right, because those facilities were reasonably necessary to meet the objectives of the easement. The court rejected the argument:

"Rights claimed under an implied covenant must not conflict with the express terms of the grant. Where the language of the deed is clear and unambiguous, as in the instant case, such is decisive of the limits of the easement * * *. In the light of the specific restrictions that defendant's operations be below the surface of the ground, we cannot, under the guise of construing the instrument, change the plain import of its language so as to create the right to carry on operations above the surface of the ground." 120 Or at 212. (Citation omitted.)

Defendant's claim is that it may do whatever is reasonably necessary on the roof to facilitate its business on the second floor, regardless of the terms of the lease. As a general premise, that would make express restrictions on use and enjoyment of leased property potentially meaningless, unless the landlord chooses to declare the tenant's action a breach of the lease. The lease is also a contract. It provides what equipment can be on the roof and where defendant may place it. The principle underlying the rules in *Minto v. Salem Water, Light & Power Co., supra,* with respect to an easement, applies as well to a lease. Defendant had no right to erect the dish antenna on the roof.

Reversed and remanded for proceedings not inconsistent with this opinion.